UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL MOORE,<br><br>　　　　　　Petitioner,<br><br>　v.<br><br>SCOTT FRAUENHEIM,<br><br>　　　　　　Respondent. | No. 2:18-cv-1699-MCE-EFB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254, has filed a motion to stay the current proceedings in order to exhaust four claims in state court. ECF No. 3. Respondent has filed an opposition to the motion, ECF No. 21, and petitioner has filed a reply, ECF No. 22. For the reasons discussed below, the motion to stay should be granted.

Petitioner requests a stay pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005). Under *Rhines*, a district court may stay a 'mixed' petition in its entirety, without requiring dismissal of unexhausted claims while the petitioner attempts to exhaust them in state court. *King v. Ryan*, 564 F.3d 1133, 1138-41 (9th Cir. 2009). Here, the petition is appropriately mixed insofar as it contains one fully exhausted claim and four that have not been exhausted. The four unexhausted claims are: (1) that petitioner's trial counsel was ineffective in stipulating that the court reporter need not transcribe the court's oral instructions to the jury; (2) that petitioner's appellate counsel was ineffective for failing to raise a claim that an inadequate trial court record precluded adequate

representation of petitioner on appeal; (3) that the trial court's instructions to the jury relieved the prosecution of the burden of proving the identity of the killer beyond a reasonable doubt insofar as they indicated that petitioner's "statements alone" could prove said identity; and (4) that appellate counsel was ineffective in failing to argue that the foregoing instruction was improper. ECF No. 3 at 3; ECF No. 17 at 5. The petition also contains an exhausted claim - that insufficient evidence supports petitioner's first-degree murder conviction. ECF No. 17 at 5.

Procedural Background

At a jury trial, petitioner was convicted of first degree murder on August 23, 2013. Lodg. Doc. No. 1 at 1. He was sentenced to life without the possibility of parole on October 25, 2013. *Id.* at 1-2. He appealed and, on November 29, 2016, the Court of Appeal of the State of California, Third Appellate District, affirmed the trial court's judgment. ECF No. 8-1 at 4. On January 1, 2017, petitioner sought review with the California Supreme Court. Lodg. Doc No. 2. That petition was denied on March 15, 2017. Lodg. Doc. No. 3.

Petitioner's family retained private counsel to represent him in post-conviction proceedings in late December of 2017. ECF No. 3 at 14. So represented, petitioner filed a state habeas petition with the California Superior Court, County of Colusa on June 4, 2018. Lodg. Doc. No. 4. Petitioner's counsel states that the delay between retention and the filing of the petition is attributable to the need to review the four-thousand page trial record. ECF No. 3 at 14. Additionally, petitioner's family did not affirmatively elect to pursue state and federal habeas proceedings until early May of 2018. *Id.* The habeas petition filed in the state superior court was denied on July 30, 2018. Lodg. Doc. No. 5.

The instant federal petition was filed on June 8, 2018. ECF No. 2.

Analysis

To obtain a *Rhines* stay, a petitioner must show: (1) he had good cause for his previous failure to exhaust; (2) his unexhausted claims are potentially meritorious; and (3) there is no indication that he engaged in intentionally dilatory litigation tactics. 544 U.S. at 278; *see also Mena v. Long*, 813 F.3d 907, 910 (9th Cir. 2016). As an initial matter, the court finds that there is no indication in the record that either petitioner or his counsel has engaged in intentionally

dilatory tactics. And the court cannot say that "it is perfectly clear" that the claims petitioner seeks to exhaust have no hope of prevailing if they were properly brought before this court. *See Cassett v. Stewart*, 406 F.3d 614, 624 (9th Cir. 2005) (holding that "the principle of comity counsels in favor of a standard that limits a federal court's ability to deny relief under § 2254(b)(2) to circumstances in which it is perfectly clear that the petitioner has no hope of prevailing.").[1] Thus, whether to grant the *Rhines* stay petitioner seeks turns on whether he has shown good cause for his previous failure to exhaust.

This circuit has found that the good cause requirement does not demand a showing of "extraordinary circumstances." *Jackson v. Roe*, 425 F.3d 654, 662 (9th Cir. 2005). In *Blake v. Baker*, this circuit instead held that "good cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify that failure [to exhaust]." 745 F.3d 977, 982 (9th Cir. 2014). Here, the petition was filed for the legitimate purpose of "protecting" his claims insofar as he could not be certain whether his state filing would be timely and, thus, toll the federal statute of limitations. *See Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) ("A petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court."). As petitioner notes, California sets no exact deadline for habeas petitions and instead mandates only a petitioner file "without substantial delay." *See*, *e.g.*, *In re Douglas*, 200 Cal. App. 4th 236, 242-43 (2011).[2] And petitioner's diligence is emphasized by the fact that: (1) he filed his mixed, federal petition within the statute of limitations set forth by the Antiterrorism and Effective Death Penalty Act (AEDPA); and (2) he filed his state superior court petition before his federal petition. *See Turner v. Ascuncion*, No. 2:18-cv-1071 AC P, 2018 U.S. Dist. LEXIS 168302, * 5 (E.D. Cal. Sept. 27, 2018) (good cause assessment supported by petitioner's diligence in timely filing his federal habeas petition within

---

[1] At the very least, petitioner's claim that the trial court relieved the prosecution of its burden of proving his guilt beyond a reasonable doubt states a cognizable federal claim that is potentially meritorious.

[2] Indeed, the superior court determined that his petition was untimely under California law. Lodg. Doc. No. 5 at 2. Petitioner has since filed a petition with the California Court of Appeal, where it remains pending. ECF No. 22 at 9.

3

AEDPA's time limit); *Leonardos v. Buddress*, No. 06-07769 JSW, 2007 U.S. Dist. LEXIS 32411, at *8-9 (N.D. Cal. Apr. 19, 2007) (the fact that unexhausted claims had already been filed in state court – which lessened chance of delay – weighed in favor of finding good cause).

<u>Conclusion</u>

Accordingly, the hearing on respondent's motion to dismiss, currently set for January 23, 2019, is VACATED.

Further, for the reasons stated above, it is RECOMMENDED that petitioner's motion to stay (ECF No. 3) be GRANTED. Further, given that respondent's motion to dismiss is predicated entirely on the inclusion of unexhausted claims in the current petition (ECF No. 17) – the status of which the stay would potentially address – it is recommended that the motion be DENIED without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: December 20, 2018.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE